**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61396-BECERRA/AUGUSTIN-BIRCH**

**JOHN BENESH, *et al.*,**

**Plaintiffs,**

**v.**

**SERVICE FINANCE COMPANY, LLC,**

**Defendant.**
**_______________________________________________/**

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND CANCELING OCTOBER 15 DISCOVERY HEARING**

This cause comes before the Court on Plaintiffs' Motion to Compel Discovery, which is fully briefed at docket entries 52, 54, 55. The Court has carefully considered the briefing, the supplements thereto, and the record and is otherwise fully advised in the premises. As set forth below, the Motion to Compel [DE 52] is **GRANTED**. The hearing that the Court set for October 15, 2026, on the Motion to Compel is **CANCELED**.

Plaintiffs ask that Defendant be compelled to amend its answers to interrogatories and responses to requests for production to produce complete answers and responses. Plaintiffs divide the interrogatories and responses that are at issue into six categories. The Court addresses each category below:

1. **Temporal Limitations (Interrogatory #'s 4 and 8; Request for Production #'s 1, 5, 7, 8, 10, and 25)**

For these interrogatories and requests, Defendant has agreed to answer and produce responsive material for a period of May 8, 2022 through the present, although Plaintiffs asked for information and material for the longer period of January 1, 2017 through the present. Defendant

argues that its proposed shorter time period corresponds with the longest statute of limitations that may apply to Plaintiffs' claims and that Plaintiffs have not explained why the shorter time period is insufficient.

But Plaintiffs do explain why the shorter time period is insufficient and their longer time period is more appropriate—because discovery for the longer time period will include all loans containing the dealer fee that is directly at issue in this litigation and that allegedly was a fraudulent fee. Further, Plaintiffs allege that statutes of limitations were tolled because the dealer fee was concealed from consumers. DE 1 ¶¶ 95–99.

The discovery stage is not the correct procedural phase for the Court to make a ruling on the merits of Plaintiffs' tolling allegations. At this stage, Plaintiffs may discover material that is relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Applying Plaintiffs' longer period of January 1, 2017 through the present, representing the entire time the dealer fee was imposed, will produce relevant material, and the longer period is proportional to the needs of this case. For these interrogatories and requests, Defendant's objection to Plaintiffs' responsive time period is overruled.

**2. Dealer Exclusions (Interrogatory #'s 1, 4, 6, 7, and 15; Request for Production # 5)**

For these interrogatories and this request, Plaintiffs contend that Defendant has limited its answers and responses to loans issued by certain solar dealers, potentially omitting responsive material concerning other solar dealers. Defendant states that it is "not aware of any responsive documents related to" the other solar dealers, but Defendant does not maintain any objection to producing responsive material as to other solar dealers, should any such responsive material exist.

For these interrogatories, Defendant must provide responsive information that is available to it or under its control, for all solar dealers to which the interrogatories relate. *See Costa v.*

*Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (explaining that "a party must provide information in response to a Rule 33 interrogatory if such information is under its control"); *Ecometry Corp. v. Profit Ctr. Software, Inc.*, No. 06-80083-Civ, 2007 WL 9706934, at *6 (S.D. Fla. Mar. 15, 2007) ("Parties responding to interrogatories cannot limit their answers to information within their own knowledge and ignore information that is immediately available to him or under his control."). For the request, Defendant must produce responsive material that is within its possession, custody, or control, for all solar dealers to which the request relates. *See* Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or control"); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). Compliance with these requirements necessitates searching for responsive material as to all of the solar dealers, even if Defendant believes that its searches with respect to some solar dealers will uncover nothing.

**3. Knowledge Concerning a Dealer Fee (Interrogatory # 3)**

With respect to this interrogatory, Plaintiffs maintain that Defendant is withholding responsive information, while Defendant contends that it is not. Defendant must respond to the interrogatory as it is written, including to all subparts, by providing responsive information that is available to it or under its control.[1] If Defendant has no responsive information available to it or under its control for the interrogatory or any subpart thereof, Defendant must state as much in amended answers.

[1] The Court stresses that Defendant must answer the interrogatories and respond to the requests for production as they are written because, in the briefing on the Motion to Compel, both sides accuse the other of rewriting interrogatories and/or requests to support their own arguments and suit their own purposes.

**4. Consumer Complaints and Investigations (Interrogatory # 4)**

For this interrogatory, Defendant agrees to produce responsive information, subject to work-product protection and any privilege. Defendant must respond to the interrogatory as it is written by providing responsive information that is available to it or under its control. If Defendant withholds responsive information based on a protection or privilege, Defendant must comply with all privilege log requirements under Federal Rule of Civil Procedure 26(b)(5) and Southern District of Florida Local Rule 26.1(e)(2).

**5. Class Data (Interrogatory # 8; Request for Production # 1)**

With respect to this interrogatory and this request, Defendant agrees to produce any responsive information and material that it has. Thus, Defendant must answer the interrogatory and respond to the request as they are written by providing responsive information that is available to Defendant or under its control and by producing responsive material that is within its possession, custody, or control.

**6. Role in the Form Retail Installment Contract (Interrogatory # 11)**

For this interrogatory, Defendant agrees to produce any responsive information that it has. Defendant must answer the interrogatory as it is written by providing responsive information that is available to Defendant or under its control.

Defendant must serve amended answers to the interrogatories and amened responses to the requests for production, together with responsive material, **within 14 days of the date of this Order**. Defendant must serve any privilege log **by that same deadline**.[2] Withholding responsive information and material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1).

[2] This Order alters the deadline for serving a privilege log under Southern District of Florida Local Rule 26.1(e)(2)(D).

In summation, Plaintiffs' Motion to Compel [DE 52] is **GRANTED**. Having resolved the Motion to Compel, the hearing scheduled for October 15, 2026, is **CANCELED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 7th day of October, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE